IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

```
DAWN ALLGAIER,                       )
                                     )    2:09-cv-01126-GEB-DAD
            Plaintiff,               )
                                     )    ORDER IMPOSING A SANCTION
      v.                             )
                                     )
AUTOVILLE OF ROSEVILLE,              )
                                     )
            Defendant.               )
                                     )
```

Plaintiff and her lawyer were issued an Order to Show Cause ("OSC") on July 20, 2009, which required them to explain why sanctions should not be imposed for Plaintiff's failure to file a timely status report. On August 10, 2009, Plaintiff's counsel filed a response to the OSC, in which he states: "For reasons unbeknownst to the undersigned counsel, the Court's orders in this regard were not calendared, and as a consequence, the undersigned counsel did not timely cause a status report to be filed in compliance with the Court's orders."

Counsel should know why he did not comply with the order, and should have provided assurance that procedures are developed which reasonably safeguard against reoccurrence of the mishap.

1

>          It is certainly understandable that attorneys
>          frequently choose to delegate [calendaring filing
>          dates] to paralegals or other associates, leaving
>          to them the task of reading and complying with the
>          applicable rules [and orders] of court. But it
>          should never be forgotten that the attorney of
>          record is ultimately responsible for [timely
>          filing documents]. It is therefore the
>          professional duty of the attorney of record to
>          ensure through proper supervision that all
>          [documents are filed when due].

Dela Rosa v. Scottsdale Memorial Health Systems, Inc., 136 F.3d 1241, 1244 (9th Cir. 1998).

Plaintiff's counsel should also know that "[a] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril . . . . Disregard of the order would undermine the court's ability to control its docket . . . and reward the indolent and the cavalier." Johnson v. Mammoth Recreations, Inc. 975 F.2d 604, 610 (9th Cir. 1992) (citation and quotations omitted); see also Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (affirming sanction of lawyer for failure to attend a settlement conference because **"the date 'slipped by him'"**) (emphasis added). "The cogs of the wheel of justice move much more smoothly when attorneys who practice in this court follow the rules of practice and procedure . . . ." Dela Rosa, 136 F.3d at 1244.

Since Plaintiff's counsel failed to file a timely status report, and the response of Plaintiff's attorney G. Thomas Martin III and/or Krohn & Moss, Ltd., to the OSC is insufficient to avoid imposition of a sanction, a sanction will be imposed. Therefore, Plaintiff's attorney G. Thomas Martin III and/or Krohn & Moss, Ltd., is sanctioned one hundred fifty dollars ($150.00) for failure to timely file a status report. This sanction shall be paid to the Clerk of this Court within ten (10) days from the date on which this Order

1 | is filed by a check made payable to the "United States Treasury."
2 | Proof of payment shall be sent to the undersigned judge's chambers
3 | within five (5) days of payment.  This sanction is personal
4 | to counsel or his law firm and shall not be transmitted to counsel's
5 | client.
6 | Dated:  August 19, 2009

*/s/ Garland E. Burrell, Jr.*
GARLAND E. BURRELL, JR.
United States District Judge